# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN ADAM TARKINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-632-SLP |
| | ) |
| JIMMY MARTIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## O R D E R

Petitioner, Adrian Adam Tarkington, appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. He challenges the constitutionality of his state court conviction and sentence in Case No. CF-2012-7249, District Court of Oklahoma County, State of Oklahoma.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation [Doc. No. 15] finding Respondent's motion to dismiss the Petition should be granted on grounds the Petition is untimely filed under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1)(A), and that Petitioner is not entitled to statutory or equitable tolling of the limitations period.

Petitioner timely objected to the Report and Recommendation [Doc. No. 16]. Petitioner does not dispute that his conviction became final on February 15, 2016 and the one-year limitations period expired on February 16, 2017. *See* R&R at 3; Obj. at 2.

Therefore, absent any tolling of the limitations period, his Petition [Doc. No. 1] filed on June 21, 2018 is untimely.[1]

Petitioner claims he is entitled to "[s]tatutory and/or equitable tolling" for the time period November 22, 2016 through October 27, 2017. Obj. at 3.[2] He points to an application for post-conviction relief filed in his state-court action on November 10, 2016. Specifically, he argues that the State moved to strike his application on November 14, 2016 but the state district court did not rule on the State's motion until eleven months later on October 27, 2017. *Id*. Petitioner identifies the efforts he took to obtain a ruling from the state district court to include: a letter of inquiry dated June 7, 2017; a petition for a motion hearing dated July 19, 2017; and two petitions for writ of mandamus filed before the Oklahoma Court of Criminal Appeals (OCCA) dated September 12, 2017 and October 4, 2017. *Id*. He argues that not until the OCCA granted mandamus relief on October 25, 2017 was he able to obtain a ruling from the state district court on October 27, 2017. *Id*.

Petitioner acknowledges, nonetheless, that the state district court granted the State's motion to strike his post-conviction application. *Id*. The record establishes the post-

---

[1] As Magistrate Judge Mitchell noted, pursuant to the prison mailbox rule, the Court deems the Petition filed on June 21, 2018, the day Petitioner signed the Petition and placed it in the prison mailing system, even though it was received and file-stamped in this Court on June 27, 2018. *See* R&R at 3, n. 4.

[2] As set forth in Respondent's Brief in Support of Motion to Dismiss [Doc. No. 13], Petitioner also filed a motion for judicial review in state court but that motion was untimely filed pursuant to Okla. Stat. tit. 22, § 982a and, therefore, did not operate to statutorily toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Petitioner did not raise this issue in responding to the Motion to Dismiss or in objecting to the Report and Recommendation and, therefore, has waived any arguments related thereto.

conviction application exceeded the page limitations established by the state court's local rules and Petitioner had not been granted prior permission to exceed the page limitation.³ *See Levering v. Dowling*, 721 F. App'x 783, 787 (10th Cir. 2018) (finding a post-conviction application filed in Oklahoma district court and stricken based on State's motion that application exceeded page limitations of Local Rule 37, was not a properly filed application and did not trigger statutory tolling). As Judge Mitchell found, Petitioner is not entitled to statutory tolling because his post-conviction application was not "properly filed." *See* R&R at 4 (citing 28 U.S.C. § 2244(d)(2)); *see also id*. at 6. The Court concurs with Magistrate Judge Mitchell's finding that the state post-conviction application was not properly filed and, therefore, that statutory tolling is not available to Petitioner. *See* R&R at 4-6.

In his Objection, Petitioner relies on a second post-conviction application filed November 6, 2017, as grounds for statutory tolling. *See* Obj. at 4. But the statute of limitations period had already expired by that time and, therefore, this second application could not toll the limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

---

³ Specifically, the state district court found Petitioner's application for post-conviction relief did not comply with the page-limitation requirements of Rule 37 of the Rules of the District Court, Seventh Judicial District. *See* Order [Doc. No. 13-4].

3

Petitioner appears to primarily rely upon equitable tolling as the basis for his objection to the Report and Recommendation. Pointing to the state district court's delay in ruling upon the State's motion to strike, Petitioner argues he "did not have the opportunity to correct any problems, issues or error pertaining to his November 10, 2016 filing of his application for post-conviction relief in a timely manner." Obj. at 3. According to Petitioner, "[t]he District Court's delay in making and filing its ruling concerning the State's motion to strike did indeed prevent and/or prohibit the Petitioner from refiling a proper application for post-conviction relief in a timely manner." *Id*.

Magistrate Judge Mitchell addressed this argument in the Report and Recommendation but deemed the state court's delayed ruling did not constitute an "'uncontrollable circumstance [that] prevent[ed Petitioner] from timely filing . . . .'" R&R at 8 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). As Magistrate Judge Mitchell found, "[t]he state district judge did nothing to prevent or prohibit Petitioner from properly filing an application for post-conviction relief" as "[i]t was always within Petitioner's control to file a post-conviction application that complied with the applicable state district court rule." *Id*. at 8-9.

The Court agrees. Additionally, the Court finds Petitioner did not act with requisite diligence before the state district court. *Cf. Gibson*, 232 F.3d at 808 ("Equitable tolling would be appropriate . . . *when a prisoner actively pursues judicial remedies* but files a defective pleading during the statutory period."). Petitioner offers no explanation as to why he waited seven months after the filing of his state post-conviction motion (and four

4

months after the expiration of § 2244(d)(1)(A)'s one-year limitations period) to make any inquiry before the state court as to the status of his post-conviction proceedings.

Although Petitioner thereafter undertook various efforts before the state courts to address the status of his state post-conviction proceedings, those efforts are insufficient to demonstrate both his diligence in pursuing state post-conviction relief and that extraordinary circumstances exist to support equitable tolling. As stated, the actions of the state district court did not prevent Plaintiff from filing a proper state-court application for post-conviction relief. Notably, Petitioner not only knew at the outset that his application exceeded the page limitation, he also knew that just four days after he filed his application, the State moved to strike it.[4]

Moreover, Petitioner could have filed a protective petition for federal habeas relief in this Court during the pendency of his state post-conviction proceedings if he were concerned his state court application might not toll the one-year limitations period. *See*

---

[4] In *Gibson*, the Tenth Circuit cited *Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89, 96 (1990) as support for the proposition that equitable tolling may be appropriate based on a defective filing. *Gibson*, 232 F.3d at 808. In *Irwin*, the Supreme Court cited its own precedent for examples of when a defective filing would warrant equitable tolling (albeit outside the context of the AEDPA). *Irwin*, 489 U.S. at 96 n. 3. Those "defective filings" included: (1) a complaint timely filed but in the wrong court; and (2) a timely filed defective class action complaint which tolled the limitations period as to individual claims. *Id*. Subsequent to *Gibson*, in *Burger v. Scott*, 317 F.3d 1133, 1142 (10th Cir. 2003), the Tenth Circuit again addressed circumstances which might justify equitable tolling based upon a defective filing. In *Burger*, the court also referenced a complaint timely filed but in the wrong court as one example and, as another example, it noted equitable tolling may be applied "where a court has led a particular plaintiff to believe that he or she had done all that is required under the circumstances." *Id*. at 1143 (citations omitted). The circumstances at issue here are distinguishable. Petitioner's own filings demonstrate that he was aware, at the outset, that his post-conviction application was defective and that he had not obtained prior permission from the state district court as required by its local rules.

*Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005); *Jones*, 762 F.3d at 1181. Petitioner did not, however, choose this course of action. Under these circumstances, the Court, concludes that equitable tolling of the limitations period is not warranted and the Petition is untimely filed under 28 U.S.C. § 2244(d)(1)(A).[5]

As a final matter, the Court addresses Plaintiff's Motion for Appointment of Counsel [Doc. No. 7]. Where, as here, no evidentiary hearing is required, there is no right to the appointment of counsel in a § 2254 proceeding and whether to appoint counsel is left to the Court's discretion. *See Swazo v. Wyoming Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); 28 U.S.C. § 2254(e)(2). Petitioner claims he is financially unable to afford counsel, the issues raised in the case are complex, he has limited knowledge of the law and his access to legal materials is limited. Petitioner has failed to demonstrate appointment of counsel is necessary. The issue of the timeliness of the Petition is not complex and Petitioner has amply demonstrated his ability to address the factual and legal issues attendant thereto.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED and Respondent's Motion to Dismiss [Doc. Nos. 12-13] is GRANTED. The action is dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). A separate judgment shall be entered accordingly.

---

[5] Petitioner includes in his Objection a cryptic one-sentence statement that he "does also hereby claim actual innocence." Obj. at 4. But Petitioner did not raise actual innocence in responding to the motion to dismiss and the issue is otherwise wholly undeveloped. Therefore, the Court finds actual innocence is not grounds for overcoming the statute of limitations bar.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. No. 7] be DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the Petition is time-barred and that Petitioner has not demonstrated any circumstances excusing the untimeliness of his Petition. The Court therefore denies a certificate of appealability.

IT IS SO ORDERED this 26th day of February, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE